[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16165
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket No. 03-00206-CV-FTM-29-SPC

SOUTHWEST FLORIDA AREA LOCAL AMERICAN
POSTAL WORKERS UNION AFL-CIO, INC.,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 27, 2005)

Before HULL, WILSON and COX, Circuit Judges.

PER CURIAM:

The American Postal Workers Union appeals the district court's grant of summary judgment in favor of the United States Postal Service. The Union filed a class action grievance in response to the Postal Service's announcement that employee breaks at the Fort Myers, Florida Post Office would be cut from fifteen minutes to ten. An arbitrator found in favor of the Union, and the Union filed this action to confirm and enforce the arbitration award. The Union brought this action pursuant to the Postal Reorganization Act of 1970, codified at 39 U.S.C. § 1208(b). Section 1208(b) of the Act is analogous to section 301(a) of the Labor Management Relations Act, codified at 29 U.S.C. § 185(a). The district court therefore concluded that the Union's action to enforce its award was barred by the six months statute of limitations period contained in 29 U.S.C. § 160(b). Accordingly, the district court granted summary judgment in favor of the Postal Service.

On appeal, the Union contends that the district court erred in applying the six month statute of limitations contained in 29 U.S.C. § 160(b). Rather, the Union argues that this action is governed by Florida's five year statute of limitations. *See.* Fla. Stat. § 684.24(3)(a) and § 95.11(2)(b). Chapter 684 of the Florida Statutes, however, concerns arbitrations involving international affairs, not arbitrations involving labor relations. Our precedent instructs us that a suit to enforce a favorable arbitration award is a section 301 claim, and that the character of such a claim

2

compels a finding that federal law should apply. *Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881, 884 (11th Cir. 1985). Our precedent also instructs that in a straightforward section 301 claim a party has six months in which to seek to enforce an arbitration award. *See id.* at 888. This action pursuant to the Postal Reorganization Act is analogous to a straightforward section 301 claim. The district court, therefore, correctly determined that the six month statute of limitations applies to the Union's claim in this case. (R-40 at 11-12.) Our binding precedent compels this result.

The Union also contends on appeal that the doctrine of equitable estoppel should bar the Postal Service from prevailing on its statute of limitations defense. The district court correctly rejected this argument, as it is unsupported by the record. (R-40 at 10-11.)

The district court's judgment dismissing the Union's action as time-barred is, therefore,

AFFIRMED.